## Wyatt, et al. v. Colonial Clay Company.

(Decided February 9, 1923.)

### Appeal from Graves Circuit Court.

1. Pleading—Demurrer.—Where the answer of a defendant admits practically all the material averments of the petition which states a cause of action and does not by affirmative plea void the cause of action averred in the petition, the general demurrer to the answer should be sustained and overruled as to the petition.

2. Pleading—Demurrer.—Where an amended answer states in substance the same as an original answer the demurrer should be sustained to the answer as amended.

3. Pleading—Dismissal.—When a party ceased to plead after a demurrer has been sustained the trial court should dismiss his cause if he be asserting one and his defense if he be a defendant.

4. Mines and Minerals—Lease—Abandonment.—A lessee of mineral land does not abandon the leasehold by removing some of the small tools therefrom during the rainy season when it is impossible to operate the mine, especially when he leaves on the leasehold all the large and valuable machinery.

5. Mines and Minerals—Interference by Lessor—Injunction.—The lessor has no right to interfere with the lessee entering upon the leasehold for the purpose of carrying out a lease contract so long as the contract is in force. And if he attempts to declare the lease contract at an end and to forcibly prevent the lessee from again entering upon the premises, a court of equity will grant an injunction staying the lessor from such interference.

JAMES DeBORD for appellants.

STANFIELD & STANFIELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

In 1918 appellants, Wyatt and wife, entered into a written contract with Jennings, et al., predecessors in title to appellant Colonial Clay Company, a corporation, whereby they let to the said Jennings, et al., their farm in Graves county for the purpose of mining and removing clay and other minerals on a royalty basis for the period of twenty-five years. Work on the lease was commenced in the spring of 1919, by the Colonial Clay Company. That year the company produced about fourteen or fifteen carloads of clay which were sold in the markets. By the terms of the lease contract the company was to pay Wyatt twenty-five cents per ton royalty, the said royalty not to amount in any one year to less than $300.-00, payable monthly, in advance. The ground from which the clay was to be taken is low and often overflowed, especially in winter time. When bad weather set in at the beginning of the winter of 1919-20 the company removed and stored many of its small tools, including shovels, picks, wheelbarrows, etc., but it left on the premises its crane, steam shovel, engine, etc. During the winter time the pits from which the clay had been taken filled up with water, rendering it practically, if not ab-

solutely, impossible to operate the mines during the wet period had appellees desired to do so even at a loss. In May, 1920, the appellee company was preparing to begin work and had made plans for installing new machinery to increase its production. It had many orders for clay at prices at which it could be produced at a profit. When its men with the machinery started to enter the premises of appellant to continue their work, they found the right of way obstructed by a fence on which was posted a written notice warning appellee company not to enter on the lease. The company's representatives were about to disregard this notice and to remove the fence and enter on the lease, when appellant Wyatt appeared on the scene with a shotgun and by threats of violence to said employes intimidated them and turned them back. This action was then instituted by appellee company against the Wyatts to enjoin and restrain them from interfering with it in the operation of its mine, the performance of its duties under the lease contract, and the mining, removal and marketing of the clay. A temporary restraining order was granted by the clerk of the court on the verified petition after bond had been executed by the company to save appellees harmless. To the petition appellants demurred. They also entered a motion to require the appellee company to elect; both the demurrer and the motion were overruled by the court. Appellants answered and also moved for a dissolution of the restraining order. To this answer appellee company demurred. Before this demurrer was acted upon appellants filed an amended answer in almost the identical terms of the original answer, and again moved for a dissolution of the restraining order. Upon hearing the chancellor sustained the demurrer of appellee to the answer as amended of appellant, and overruled the demurrer of appellants to appellee's petition. The motion of appellants to dissolve the restraining order was overruled and the motion of appellee company for an injunction was sustained and the injunction granted. The appellants declining to further plead the court directed the defendants' answer dismissed, and entered judgment in favor of plaintiff for cost. From this judgment the Wyatts appeal.

Appellee company alleged it was a corporation with power to sue and be sued, and that on the 15th of August, 1918, its predecessors, Jennings, et al., entered into a written contract with appellants, Wyatt and wife, for a

lease on their lands for clay and other minerals, and that said lease became effective on the said lands by reason of the notice of acceptance given by Jennings, et al., to appellants, Wyatt and wife, and that pursuant to said lease contract and with the full acquiescence, consent and co-operation of appellants, the appellee company, as successors to Jennings, et al., entered upon the premises and opened up pits for the mining of clay and for erecting on the lands machinery and tools of the value of $7,000.00, with which to carry on the said business, and was in good faith carrying on said business and mining and marketing the said clay, and paying to appellants the royalty of twenty-five cents per ton in sums of at least $25.00 per month in advance for the mining and removing of the said clay; that the said work was being prosecuted with reasonable diligence but that during the year 1919 there was an embargo on railroad gons and appellee company was unable to get as many gons as it ordered and could have loaded but that it was through no fault of appellee company that said cars were not obtained; that it had theretofore built roads across the lands of appellants to the said pits to be used in removing the product of the mines and otherwise equip the said property for mining in accordance with the lease contract; that when the rainy season began in the following winter, the pits were filled with water and it was unable to carry on the work of mining the clay; that it was preparing to expend $10,000.00 in making further improvements on the lease so as to better mine and market the said clay, when on about May 1, 1920, it started its men and machinery on to the lease to begin operations for the ensuing season, it found its road and passway over which it had to enter and leave the leased premises obstructed by a fence erected by appellant Wyatt and on which fence was posted a written notice warning the appellee company not to again enter upon the land for the purpose of operating under the said lease; that when its men started to remove the fence appellant Wyatt appeared with a shotgun and drove them away; that when the weather will permit the mining of clay it is a profitable business but when the rainy season is on the mining cannot be operated with profit; that it did not intend to nor did it, in fact, abandon or intend to abandon said lease by suspension of operation during the rainy season; that the acts of appellant Wyatt in obstructing its passway and in preventing it from enter-

ing upon the lease and continuing to operate under it, was a violation of its right for which it had no adequate remedy at law. Clearly, we think, the petition stated a cause of action, and the court did not err in overruling appellants' general demurrer to it.

The answer of appellants does not deny any of the averments of the petition but confesses them all except it denies "that the Wyatts, or either of them, at any time for any purpose or in any manner whatsoever have interfered with any of plaintiff's rights of possession, right of possession, title, ingress, egress, regress or enjoyment; denies that they, or either of them, have ever in any manner or for any purpose or to any extent destroyed or attempted to destroy or damage or attempted to damage, irreparably or otherwise, the property of said plaintiff; or prevented or hindered or attempted to prevent or hinder the plaintiff company in the performance or fullfilment of any of its outstanding obligations." In their affirmative pleadings, however, appellants admitted that A. J. Wyatt, erected the fence across the road for the purpose of obstructing plaintiff in the operation of the lease and to keep it and its employes off the land of appellant, and to prevent it from mining, and taking the said clay; and further that he did with the aid of a shotgun drive appellee company's employes away from appellants' premises. Appellants say, however, that appellee company abandoned its lease and its rights thereunder by moving from the premises a large part of its tools and machinery, and had failed for several months to prosecute the work with diligence. Appellants admit, nevertheless, that the land where the pits are located is low and overflows and that the pits have filled up with water and sand. There is no averment in appellants' answer that indicates that the appellee company has in any way breached its contract, unless it has failed to prosecute the work with reasonable diligence, but since appellants failed to deny the averments of appellee's petition that it has prosecuted the work with diligence it must be presumed, indeed accepted as a fact, that the work has been so prosecuted. Nor do appellants deny that the company has paid to them the royalties accruing under the lease. The lease contract is not in the record although it is referred to in the pleadings as an exhibit. So far as the pleadings show it contains no provision for a forfeiture of the leasehold by appellee company. It therefore appears that the answer

did not state a good defense to the petition, and the chancellor did not err in sustaining appellee's demurrer to said pleading. When appellants failed to amend their answer and further plead, it was incumbent upon the court to grant the relief prayed in the petition. The appellee company was entitled, the averments of its petition considered, to have an opportunity to continue the uninterrupted prosecution of the work of mining clay from appellants' premises and to comply with the terms of the lease contract.

As the petition stated a good cause of action in appellee company's favor, entitling it to the injunctive relief, and the answer was wholly insufficient to present a defense to the cause so set up, the injunction was properly granted appellee.

Judgment affirmed.